IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>1411 K Street N.W., Suite 1300<br>Washington, D.C. 20005,<br><br>      Plaintiff,<br>  v.<br><br>NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION,<br>1200 New Jersey Avenue, S.E.<br>Washington, D.C. 20590,<br><br>      Defendant. | **COMPLAINT**<br>**FOR DECLARATORY AND**<br>**INJUNCTIVE RELIEF**<br><br>Civil Action No.: _____ |

## INTRODUCTION

1. Plaintiff Center for Biological Diversity ("the Center")—an environmental conservation organization that works to protect native wildlife species and their habitats from threats like toxic air pollution and climate change—challenges the failure of the National Highway Traffic Safety Administration's ("NHTSA") to conduct an adequate search and produce all records responsive to the Center's requests for records concerning the Safer Affordable Fuel-Efficient Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks ("SAFE Vehicles Rule"), in violation of the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* as amended ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2. On August 2, 2018, the NHTSA, jointly with the Environmental Protection Agency ("EPA"), released a notice of proposed rulemaking for the SAFE Vehicles Rule. The notice was published in the Federal Register on August 24, 2018.

3. The proposed SAFE Vehicles Rule seeks to weaken the corporate average fuel economy and federal greenhouse gas emission standards currently in place for Model Years ("MY") 2022-2025 light-duty vehicles ("the Standards") by freezing those standards at MY 2020 levels through MY 2026. The proposed SAFE Vehicles Rule would vastly increase fuel consumption and emissions of greenhouse gases and other pollutants above the levels that would be achieved if the Standards were left unchanged.

4. In the proposed SAFE Vehicles Rule, the NHTSA stated that the agency's action does not require consultation under section 7 of the Endangered Species Act ("ESA"), which provides that federal agencies must undergo formal consultation with the U.S. Fish and Wildlife Service or National Marine Fisheries Service if an agency action "may affect" a federally listed threatened or endangered species or result in the adverse modification of a species' designated critical habitat ("ESA section 7 consultation"). 16 U.S.C. § 1536(a)(2).

5. Seeking to understand the basis for the NHTSA's determination that the SAFE Vehicles Rule does not require ESA section 7 consultation, the Center submitted a FOIA request for records explaining this determination on August 8, 2018 ("NHTSA FOIA Request").

6. In response to the NHTSA FOIA Request, the NHTSA is improperly withholding records pursuant to FOIA exemption 5. The NHTSA continues to unlawfully withhold responsive documents by failing to conduct an adequate search for and provide all responsive records to the Center in violation of FOIA, or, in the alternative, the APA.

7. Because prompt access to these records is necessary to effectuate FOIA's purpose, the Center seeks declaratory relief establishing that the NHTSA is in violation of FOIA, or alternatively, the APA. The Center also seeks injunctive relief directing the NHTSA to conduct a lawful search and provide responsive records to the Center without further delay.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

9. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

10. Declaratory relief is appropriate under 28 U.S.C. § 2201.

11. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

12. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization that works through science, law, and policy to secure a future for all species, great or small, hovering on the brink of extinction. Informing the public is central to the Center's mission. The Center educates and counsels its members and the public on environmental issues, policies, and laws through media advocacy, its webpage, and publications that are widely distributed. Specifically, the Center works to provide the public with a better understanding of the federal government's management of harms to the environment, especially those that affect protected species and ecosystems. The Center and its more than 69,500 members are harmed by the NHTSA's violations of FOIA, or alternatively the APA, as such violations preclude the Center and its members from gaining insight into the agency's failure to undergo ESA section 7 consultation requirements related to the proposed SAFE Vehicles Rule.

13. Defendant NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION ("NHTSA") is a federal agency within the U.S. Department of Transportation. The NHTSA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA

pursuant to 5 U.S.C. § 552(f). The NHTSA is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

14. FOIA's basic purpose is government transparency. FOIA seeks to ensure an informed citizenry, which is vital to the functioning of a democratic society and needed to check against corruption and to hold the governors accountable to the governed.

15. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

16. FOIA places the burden on the federal agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

17. Within 20-working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

18. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

19. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

20. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b)(1)-(9). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

21. A requester "shall be deemed to have exhausted his [or her] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. §552(a)(6)(C)(i). In that event, FOIA authorizes the requester to sue the agency in federal court. 5 U.S.C. § 552(a)(4)(B).

22. The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

23. Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

**A.    The SAFE Vehicles Rule and the Endangered Species Act**

24. In the notice for the proposed SAFE Vehicles Rule, released in advance on August 2, 2018 and published in the Federal Register on August 24, 2018, the NHTSA seeks to weaken its own augural fuel efficiency standards for MY 2021-2025 passenger and light truck vehicles and freeze standards at MY 2020 levels through MY 2026.

25. Compared with leaving the current MY 2022-2025 fuel efficiency standards in place, the NHTSA's proposed actions would result in vast increases of fuel consumption and much higher emissions of air pollutants.

26.     Under the ESA, federal agencies are required to undergo section 7 consultation if a proposed federal action "*may* affect" federally-listed threatened or endangered species or their critical habitat, 16 U.S.C. 1536(a)(2) (emphasis added"). The "may affect" threshold is a low standard that is rarely not met.

27.     The proposed SAFE Vehicles Rule would: rescind existing and augural standards for MY 2021 through MY 2025; freeze fuel efficiency standards for the nation's light duty vehicle fleet at MY 2020 levels; and retain MY 2020 standards through MY 2026. The resulting increase in air pollutant emissions, as compared to the existing Standards, crosses the low "may affect" threshold for many federally-listed threatened and endangered species, such as the bay and Quino checkerspot butterflies and desert tortoise, which are at risk of extinction due to nitrogen deposition, human-induced climate change, and increase of other toxic air pollutants.

28.     Despite the proposed SAFE Vehicles Rule's potential impacts on federally-listed threatened and endangered species, the NHTSA failed to undergo section 7 consultation. Instead, the NHTSA, jointly with the EPA, concluded in the Federal Register notice, without supporting evidence or discussion, that "the action of setting emissions standards does not require consultation under Section 7(a)(2) of the ESA" and the NHTSA thus "ha[s] concluded [its] review of this action under Section 7 of the ESA." 83 Fed. Reg. 42,986, 43,473 (Aug. 24, 2018).

**B.     The Center's FOIA Request to the National Highway Traffic Safety Administration**

29.     Seeking to understand the reasons for the NHTSA's failure to undertake ESA section 7 consultation with regards to the SAFE Vehicles Rule, the Center submitted a FOIA request to the NHTSA on August 8, 2018 ("NHTSA FOIA Request") seeking:

> The records in the proposed rule "The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rules for Model Years 2021-2026 Passenger Cars and Light Trucks"

that mention or include Section XII.E.6 of the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA").

30. On September 10, 2018, the Center sent the NHTSA a letter notifying the agency that it was in violation of FOIA's statutory deadline for a determination on its FOIA request and offering to assist the agency in any way.

31. On September 12, 2018, the NHTSA sent the Center an e-mail stating that the Center sent its request to the wrong office at the Department of Transportation, and that the "[FOIA] request will be forwarded to NHTSA for appropriate handling." That same day, the NHTSA sent the Center a letter acknowledging its FOIA request.

32. On October 26, 2018, the NHTSA sent a letter providing a final determination on the Center's FOIA request. In that letter, the NHTSA stated it "addressed its responsibilities under the ESA in Section XII.E.6 of the preamble of the 2018 SAFE Vehicles Rule and on page 7-1 of the Draft Environmental Impact Statement." The NHSTA further stated that it withheld the draft versions of the SAFE Vehicles Rule and Draft Environmental Impact Statement in their entirety under FOIA exemption 5, 5 U.S.C. § 552(b)(5).

33. On December 5, 2018 the Center timely appealed the NHTSA's final determination to the agency's Chief Counsel, challenging the NHTSA's failure to conduct an adequate search for responsive records and its improper withholding of records under FOIA Exemption 5.

34. On February 4, 2019, the NHTSA's Chief Counsel denied the Center's appeal.

35. The NHTSA's failure to conduct an adequate search for responsive records, failure to disclose all responsive records to the Center, and improper withholding of records under FOIA Exemption 5 undermine FOIA's primary purpose of transparency and openness in government.

36. The Center has been required to expend resources to prosecute this action.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(The NHTSA's failure to adequately search for records responsive to the NHTSA FOIA Request)**

37. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38. The Center has a statutory right to have the NHTSA process the NHTSA FOIA Request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

39. The NHTSA has violated the Center's rights in this regard by unlawfully failing to undertake a search that is reasonably calculated to locate all records that are responsive to the NHTSA FOIA Request.

40. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the NHTSA in the foreseeable future.

41. The Center's organizational activities will be adversely affected if the NHTSA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the NHTSA FOIA Request.

42. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the NHTSA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(The NHTSA's failure to promptly disclose and continuation of improperly withholding records responsive to the NHTSA FOIA Request)**

43. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

44. The NHTSA violated FOIA and its own implementing regulations for FOIA by failing to promptly disclose records that are responsive to the NHTSA FOIA Request. 5 U.S.C. §§ 552(a)(3), (6).

45. None of FOIA's statutory exemptions apply to the records that the Center seeks.

46. The Center has a statutory right to the records it seeks.

47. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the NHTSA in the foreseeable future.

48. The Center's organizational activities will be adversely affected if the NHTSA continues to violate FOIA's disclosure provisions as it has in this case.

49. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the NHTSA will continue to violate the Center's rights to receive public records under FOIA.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(The NHTSA's failure to disclose all non-exempt records responsive to the NHTSA FOIA Request)**

50. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

51. The Center has a statutory right to the records it seeks. There is no legal basis for the NHTSA to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9).

52. Specifically, there is no legal basis for the NHTSA to assert that FOIA Exemption 5 (deliberative process privilege) applies to withhold these records from the Center. 5 U.S.C. § 552(b)(1)-(9). In doing so, the NHTSA is unlawfully withholding from disclosure records that are responsive to the NHTSA FOIA Request.

53. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the NHTSA in the foreseeable future.

54. The Center's organizational activities will be adversely affected if the NHTSA continues to violate FOIA's disclosure provisions.

55. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the NHTSA will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(The NHTSA's failure to provide reasonable segregable portions of any lawfully exempt records)**

56. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

57. The Center has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions. 5 U.S.C. § 552(b). The NHTSA is violating the Center's rights in this regard to the extent it is unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the NHTSA FOIA Request.

58. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the NHTSA in the foreseeable future.

59. Center's organizational activities will be adversely affected if the NHTSA continues to violate FOIA's disclosure provisions.

60. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the NHTSA will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First Through Fourth Claim)**

**(The NHTSA's actions unlawfully withheld or unreasonably delayed)**

61. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

62. The NHTSA is unlawfully withholding agency action by failing to comply with the mandates of FOIA as a result of its failure and refusal to search for and disclose records responsive to the NHTSA FOIA Request. The NHTSA's failures constitute agency actions that are unlawfully withheld pursuant to the APA, 5 U.S.C. § 706(1).

63. Alternatively, the NHTSA is unreasonably delaying agency action by failing to comply with the mandates of FOIA as a result of their failure and refusal to search for and disclose records responsive to the NHTSA FOIA Request. The NHTSA's failures constitute agency action unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1).

64. As alleged above, the NHTSA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

65. The Center has suffered a legal wrong as a result of the NHTSA's failure to comply with the mandates of FOIA. As alleged above, the NHTSA is violating its statutory duties under the APA and injuring the Center's interests in public oversight of governmental operations.

66. The Center has no other adequate remedy at law to redress the violations noted above.

67. The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
## (In the Alternative to the First Through Fifth Claims)

**(The NTHSA's arbitrary and capricious agency action)**

68. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

69. The NHTSA is violating FOIA's statutory mandates by failing to search for and disclose records responsive to the NHTSA FOIA Request. By violating FOIA's statutory mandates, the NHTSA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law pursuant to the APA, 5 U.S.C. § 706(2)(A).

70. As alleged above, the NHTSA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

71.  The Center has suffered a legal wrong as a result of the NHTSA's failure to comply with the mandates of FOIA.  As alleged above, the NHTSA is violating their statutory duties under the APA and injuring the Center's interests in public oversight of governmental operations.

72.  The Center has no other adequate remedy at law to redress the violations noted above.

73.  The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

### REQUEST FOR RELIEF

WHEREFORE, the Center prays that this Court:

74.  Order the NHTSA to conduct searches reasonably calculated to locate all records responsive to the NHTSA FOIA Request, utilizing a cut-off date for such searches that is the date the searches are conducted, and providing the Center, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

75.  Declare that the NHTSA's failure to timely make a determination on the NHTSA FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

76.  Declare that the NHTSA's failure to timely undertake a search for and disclose to the Center all records responsive to the NHTSA FOIA Request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

77.     Declare that the NHTSA's failure to provide the Center with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

78.     Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

79.     Grant such other and further relief as the Court may deem just and proper.

DATED: March 21, 2019

>Respectfully submitted
>
>*/s/Anchun Jean Su*
>Anchun Jean Su
>(D.C. Bar No. CA285167)
>CENTER FOR BIOLOGICAL DIVERSITY
>1411 K Street, Suite 1300
>Washington, D.C. 20005
>Telephone: (202) 849-8399
>Email: jsu@biologicaldiversity.org
>
>Maya Golden-Krasner (*pro hac vice pending*)
>(CA Bar No. 217557)
>CENTER FOR BIOLOGICAL DIVERSITY
>660 S. Figueroa Street, Suite 1000
>Los Angeles, CA 90017
>Telephone: (213) 785-5402
>Email: mgoldenkrasner@biologicaldiversity.org
>
>*Attorneys for Plaintiff*